IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ABBY M. DESANTIS,

    Plaintiff,

v.                                              Civil Action No.:   **3:18-cv-00063-REP**

BH MEDIA GROUP, INC.
**SERVE:**     **Registered Agent**
               **CT Corporation System**
               **4701 Cox Road, Suite 285**
               **Glen Allen, VA  23060**

    Defendant.

## COMPLAINT

The plaintiff Abby M. DeSantis (Ms. DeSantis), by counsel, submits this Complaint against the defendant BH Media Group, Inc. ("BHMG"), representing unto the Court as follows:

## INTRODUCTION

This is an action brought pursuant to the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., by the widow of former BHMG employee, Anthony DeSantis ("Mr. DeSantis" or the "decedent"), against BHMG for life insurance benefits due under a basic and voluntary term policies in the amount of $85,000 and $100,000 respectively, administered by the United of Omaha Life Insurance Company ("UOLI").  In particular, Ms. DeSantis claims:

(1) Breach of fiduciary duty, pursuant to 29 U.S.C. § 1104 and 1109, as BHMG failed in its duty as Plans administrator and fiduciary to advise the decedent, Anthony DeSantis, of his option to convert his employer-provided group life insurance to an individual plan upon his separation from employment; and

(2) Denial of life insurance benefits due under the Plan for failure to pay benefits after the decedent died within the conversion, pursuant to 29 U.S.C. § 1132(a)(1)(B).

The factual basis for Ms. DeSantis' claim is summarized as follows: The decedent had two life insurance policies through his employment with BHMG: (1) the BHMG Group Term Life Benefits (basic life plan, $85,000 benefit) (Policy No. GLUG-5L86), and (2) BHMG Group Voluntary Term Life Benefits (voluntary life plan, $100,000 benefit) (Policy No. GVTL-5L86) (collectively the "Plans").

Mr. DeSantis was stricken with cancer and worked until July 11, 2016, after which he was no longer able. His life insurance coverage under the basic and voluntary plans terminated on August 31, 2016. Mr. DeSantis passed on October 14, 2016.

The plans had identical provisions entitling the decedent to convert his policies from employer-sponsored group term life insurance plans to individual plans. The timeframe for converting the policies was 31 days from the termination of the plan. The timeframe was extended up to an additional 60 days – for a total of 91 days from plan termination – if the employer failed to advise the employee of the conversion privilege. BHMG never informed Mr. DeSantis of his right to convert his group term life insurance to an individual life insurance contract. This failure meant that the decedent Mr. DeSantis had 91 days from the August 31, 2016 plans termination date within which to convert the individual plans to private individual plans.

That failure extended time for conversion from 31 days to 91 days from August 31, 2016, the Plans termination date, or until November 30, 2016. Since Mr. DeSantis died on October 14, 2016, within the conversion period, his beneficiary, Ms. DeSantis, was entitled under the express

terms of the policies, and by Fourth Circuit Court of Appeals precedent to the maximum amount of life insurance benefits that the decedent would have been able to claim had he converted his insurance before his passing.

## THE PARTIES

1. Ms. DeSantis is a resident of Powhatan County, Virginia, and is a beneficiary under the Plan, as defined under 29 U.S.C. § 1002(7). Ms. DeSantis is the widow of the decedent and former BHMG employee, Anthony DeSantis.

2. BHMG is believed to be a corporation duly organized in one of the United States, with its Plan Administrator located at 1314 Douglas Street, Suite 825, Omaha, NE 68102-1811. The decedent worked out of BHMG Richmond-area office located at 8460 Times-Dispatch Blvd., Mechanicsville, Virginia 23116. At all relevant times herein, BHMG is and has been the Plan "administrator" and Plan "fiduciary," as those terms are fined in 29 U.S.C. § 1002(16) and (21), respectively. Claims for benefits under the Plan are administered by the UOLI. However, BHMG retained the duty to notify separated employees of the option to convert to an individual life insurance plan.

## JURISDICTION and VENUE

3. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

4. Venue is proper in this district and division pursuant to 29 U.S.C. § 1132(e)(2), 28U.S.C. § 1391 and Local Rules 3(B)(4) and 3(C), as it is the district and division where a substantial part of the events or omissions giving rise to the claims herein occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Mr. DeSantis commenced employment with BHMG in July 2010 in Richmond, Virginia.

6. The basic and voluntary term life insurance Plans are employee benefits provided by BHMG to "All Eligible Omaha World-Herald Newspaper Employees, "including decedent, and as such is governed by ERISA. BHMG is and has been the "administrator" and "fiduciary" for the Plans, as those terms are fined in 29 U.S.C. § 1002(16) and (21), respectively.

7. Mr. DeSantis was diagnosed with colon cancer in March 2015 and his last day of work was August 8, 2016. Mr. DeSantis was placed on long-term disability on August 26, 2016. His last day of active work (defined under the Plan as 30 more hours per week) was July 11, 2016. Mr. DeSantis' life insurance benefits terminated on August 31, 2016. He died on October 14, 2016.

8. Both the basic and voluntary term life insurance plans contain identical conversion rights. Notice of that right and the timeframe for conversion are set forth in the following provision:

> **Notice of the Right to Obtain Insurance Under this Provision**
> The conversion period is the period of time that is 31 days from the date insurance under the Policy ends or reduces ("Conversion Period"). When insurance ends under the Policy, notice of the right to convert may be given. If notice is not given at least 15 days after the start of the Conversion Period, an extension of the period of time in which to apply for a Conversion Policy will be allowed. Any extension will expire on the earlier of:
>   a) 15 days after notice has been received; or
>   b) 60 days after the end of the Conversion Period, even if notice is not received.

(BHMG Group Term Life Benefits plan, p. 11.)

9. Mr. DeSantis' death on October 14, 2016 occurred within the 91 days extension of the conversion period commencing on the Plan termination date of August 31, 2016 (31 days plus a 60-day extension), and ending on November 30, 2016. The time for electing the conversion privilege was extended for the 91-days, rather than the shorter after notice periods, because BHMG did not advise decedent of his right for converting his group life insurance to an individual plan, or the process for doing so.

10. Pertinent case precedent mandates that ERISA-governed plans requiring that separated employees be provided with written notice of a life insurance conversion privilege must "explicitly include: (1) when the group coverage will expire, (2) when the right of conversion will expire, (3) the procedure to follow in order to convert the group policy into an individual policy, and (4) the amount of premium required to complete conversion. See Canada Life Assurance Co. v. Estate of Lebowitz, 185 F.3d 231, 238 (4th Cir. 1999).

COUNT I
BREACH OF FIDUCIARY DUTIES
29 U.S.C. § 1104 and 1109

11. By failing to properly and adequately advise the decedent of his option to convert his group life insurance to an individual contract, BHMG breached its fiduciary duty set forth in the Plan documents.

12. The foregoing breach of its fiduciary duty deprived the decedent of the opportunity to convert his group life insurance to an individual plan.

13. By virtue of the foregoing breach of its fiduciary duty, BHMG is responsible for the decedent having no life insurance coverage at the time of death, thereby depriving his widow, Ms. DeSantis, from life insurance benefits.

14. BHMG has ignored Ms. DeSantis' claim for benefits, in effect denying her claim for breach of fiduciary duty. It did so in violation of the plain language of the Plan and pertinent Virginia and federal law defining its fiduciary duty. Accordingly, BHMG violated its fiduciary duty it owed the decedent and plaintiff and his beneficiary.

15. There exists under the Plan no administrative process applicable to Ms. DeSantis' claim for breach of fiduciary duty. Accordingly, Ms. DeSantis has exhausted any administrative remedies and her claim is now ripe for judicial review.

16. Ms. DeSantis should be awarded the life insurance benefits due her under the terms of the Plan following the death of the decedent, plus interest, costs and attorney's fees.

## COUNT II
### RECOVERY OF BENEFITS DUE
### 29 U.S.C. § 1132(a)(1)(B)

17. By failing to properly and adequately advise the decedent of his option to convert his group life insurance to an individual contract, BHMG deprived his widow, Ms. DeSantis, from recovering life insurance benefits that she otherwise would have been entitle to recover.

18. Ms. DeSantis has satisfied the administrative prerequisites of an ERISA action by submitting to the plan administrator her claim for benefits. Those claims have been denied by the plan administrator, leaving no further avenue for administrative relief other than a civil action to this Court. Accordingly, Ms. DeSantis has exhausted her administrative remedies and her claim is now ripe for judicial review.

19. Ms. DeSantis should be awarded the life insurance benefits due her under the terms of the Plan following the death of the decedent, plus interest, costs and attorney's fees.

WHEREFORE, the plaintiff Abby M. DeSantis demands judgment against the defendant BH Media Group, Inc. for the $185,000 or the maximum amount of life insurance benefits to which she would have been entitled under the pertinent Plans: (1) the BHMG Group Term Life Benefits (basic life plan, $85,000 benefit) (Policy No. GLUG-5L86), and (2) BHMG Group Voluntary Term Life Benefits (voluntary life plan, $100,000 benefit) (Policy No. GVTL-5L86); plus pre-judgment interest since October 14, 2016, post-judgment interest, attorney's fees and costs of suit, and such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        ABBY M. DESANTIS


        By: _____/s/_____
                Counsel

Scott Gregory Crowley (VSB # 31216)
CROWLEY & CROWLEY
Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, Virginia 23060
Phone: (804) 205-5010
Fax: (804) 205-5001
E-mail: scrowley@crowleyandcrowley.com
Counsel for plaintiff Abby M. DeSantis